UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEAUGNTEY HUGHES and G.B., a minor, | CIVIL ACTION NO. 1:20-cv-02204 |
| Plaintiff, | |
| v. | (CONNER, J.)<br>(SAPORITO, M.J.) |
| NICHOLAS HERBSTER and ABIGAIL ROBERTS, | |
| Defendants. | |

## MEMORANDUM

Before the court is the motion to quash subpoena (Doc. 53) filed by the City of Harrisburg (the "City"). This matter arises out of a traffic stop and subsequent arrest on May 9, 2019, of the plaintiff, Keaugntey Hughes, where her minor daughter, G.B., was present.

The plaintiffs filed their amended complaint against the defendants, Nicholas Herbster and Abigail Roberts, on May 3, 2021, alleging a Section 1983 Fourth Amendment excessive force claim against defendant Herbster; a Section 1983 Fourth Amendment failure to protect/intervene claim against defendant Roberts; a Section 1983 Fourteenth Amendment state-created danger claim against both defendants; a Section 1983 Fourteenth Amendment equal protection

claim (based on race) against both defendants; a state law battery claim; and a state law claim for intentional infliction of emotional distress.[1] In connection with their lawsuit against the defendants, the plaintiffs have served the City with a subpoena duces tecum for records and documents involving seven separate categories: (1) photographs, names, and badge identifications of all officers who responded to the scene after Hughes was in police custody; (2) documents concerning any formal or informal complaints made against defendants Herbster and Hughes; (3) documents related to the traffic stop involving Hughes, her daughter, and the defendants; (4) documents relating to the mental, psychological, or physical condition of defendants Herbster and Roberts; (5) documents contained in the personnel files of defendants Herbster and Roberts; (6) documents, recordings, and data relating to citizens' complaints and/or formal investigations; and (7) documents identifying women who complained about defendant Herbster. (Doc. 53-1).

The City, a nonparty, has moved to quash the subpoena on the basis that the documents are: (1) irrelevant; (2) protected from disclosure

---

[1] The plaintiffs have conceded that their Section 1983 Fourteenth Amendment equal protection and the state law battery claims should be dismissed. (Doc. 46, at 4 n.1).

under the deliberative process privilege; and (3) confidential, private, and highly sensitive, and therefore they are not subject to subpoena. Because it possesses no other responsive documents, the City has construed the documents sought in categories 2, 4, 6, and 7 above as "internal affairs investigation documents and materials" and we will treat them as such for purposes of ruling on the motion. The City and the plaintiffs have briefed the issues, and the motion is ripe for disposition. (Doc. 54; Doc. 66; Doc. 66)

For the reasons stated below, we will grant the motion to quash in part, deny in it part, and hold a ruling in abeyance pending *in camera* inspection of certain materials.

### I.    Legal Standard

Fed. R. Civ. P. 45 establishes the rules for subpoenas served upon individuals and entities who are not parties to the underlying lawsuit. *See also* Fed. R. Civ. P. 34(c) ("A person not a party to the action may be compelled to produce documents . . . as provided in Rule 45.") "When a nonparty receives a subpoena to which it objects, it has several options: file a motion to quash or modify the subpoena pursuant to Fed. R. Civ. P. 45(c)(3)(A), seek a protective order pursuant to Fed. R. Civ. P. 26(c), or . . .

object to production of documents by opposing a motion to compel under Fed. R. Civ. P. 45(c)(2)(B)." *In re Actiq Sales & Mktg. Practices Litig.*, No. 2:11-mc-00274-JFC, 2011 WL 5509434, at *2 (W.D. Pa. Nov. 10, 2011) (ellipses in original).

> If the nonparty recipient of a subpoena moves to quash, then
>
>> [t]he serve-and-volley of the federal discovery rules govern the resolution of a motion to quash. The subpoenaing party must first show that its requests are relevant to its claims or defenses, within the meaning of Federal Rule of Civil Procedure 26(b)(1). Next, the burden shifts to the subpoenaed nonparty who must show that disclosure of the information is protected under Rule 45(d)(3)(A) or (B). If the subpoenaed nonparty claims the protections under Rule 45(d)(3)(B) or asserts that disclosure would subject it to undue burden under Rule 45(d)(3)(A), it must show that disclosure will cause it a clearly defined and serious injury. This burden is particularly heavy to support a motion to quash as contrasted to some more limited protection such as a protective order.

*In re Domestic Drywall Antitrust Litig.*, 300 F.R.D. 234, 239 (E.D. Pa. 2014) (citations and internal quotation marks omitted). Further, a person withholding subpoenaed information under a claim that it is privileged or subject to protection must make the claim and describe the nature of the withheld documents in a manner that, without revealing information itself privileged or protected, will enable the parties to assess

4

the claim.  *See* Fed. R. Civ. P. 45(e)(2)(A).

## II. Discussion

### 1. Photographs, names, and badge identifications of all officers who responded to the scene after Hughes was in police custody

Here, the plaintiffs seek the production of photographs, names, and badge identifications of all officers who responded to the scene after Hughes was in police custody.  The plaintiffs argue that discovery of this information provides them with essential information to be used at trial.  The City argues that this information is irrelevant and that it is not in possession of documentation that identifies the officers who appeared at the scene of the incident.  (Doc. 54, at 18; Doc. 68, at 20-21).  Further, the City maintains that there are other means to identify the other officers by having someone watch dash cam video and identify each officer that comes into view.  (*Id.*).  The requested information is clearly relevant as to the identities of the officers who may have been on the scene beside the defendants.  In addition, the requested information is relevant to determine witnesses who may be able to corroborate Hughes's allegations that she sustained "trauma" after Herbster allegedly "slammed her face on the ground" and that Herbster and Roberts allegedly "dragged

5

plaintiff face-down to the middle of the street." (Doc. 31 ¶¶ 28, 59, 67, 68). The City may be able to identify the requested information which may be useful to the plaintiffs at trial. Therefore, we will deny the motion as to this request and order the City to produce the requested information.

### 2. *Documentation concerning the defendants' mental, psychological, or physical condition*

The plaintiffs seek documentation concerning the defendants' mental, psychological, or physical condition without any argument regarding its relevancy. The City contends that the request is irrelevant, too broad, and the information sought is highly sensitive. As written, this request is too broad. We decline the plaintiff's implied invitation that we rewrite this request or that we limit the time and scope of the production or the type of emotional injury reflected in the records. Therefore, we will grant the motion as to this request.

### 3. *Defendants' personnel files*

The plaintiffs seek documentation that is contained in the defendants' personnel files, arguing that the personnel files are relevant as to the defendants' motives regarding race and gender issues. The City

argues that the request is irrelevant and that the personnel records contain documentation about the defendants' benefits, compensation, and/or private family and medical information where disclosure would outweigh any utility. (Doc. 54, at 17). As written, this request for documentation contained in defendants' personnel records is overbroad. Although personnel records are discoverable, they contain confidential information and discovery of them should be limited. *Harris v. Harley-Davidson Motor Co. Operations, Inc.*, Civ. A. No. 1:09-cv-1449, 2010 WL 4683776 at *5 (M.D. Pa. Nov. 10, 2010). Therefore, we shall direct that the City produce only those records from the defendants' personnel files that relate to gender or racial discrimination in any form to the court for an *in camera* inspection. We will thereafter determine whether those records should be disclosed, and if so, whether disclosure should be subject to a protective order. To the extent that this request seeks information not related to gender or racial discrimination, the motion will be granted.

### 4. *Internal affairs investigation documents*

All of the other requests relate to documents categorized by the City as internal affairs investigation documents.

In support of its position that the requested records or documents are privileged or protected from disclosure, the City relies upon the deliberative process privilege. "The deliberative process privilege permits the government to withhold documents containing 'confidential deliberations of law or policymaking, reflecting opinions, recommendations[,] or advice.'" *Redland Soccer Club, Inc. v. Dep't of Army,* 55 F.3d 827, 853 (3d Cir. 1995) (quoting *In re Grand Jury,* 821 F.2d 946, 959 (3d Cir.1987)). The deliberative process privilege is generally inapplicable to the defendants' personnel files and to their internal affairs files, complaints, and disciplinary reports. *Reid v. Cumberland Cty.*, 34 F. Supp. 3d 396, 410 (D.N.J. 2013). In Section 1983 cases, the deliberative process privilege applies in the limited situation where the documents at issue contribute to the formulation of important public policy or new law. *Kelly v. City of San Jose,* 114 F.R.D. 653, 659 (N.D. Cal. 1987); *see also Charles v. City of New York,* No. 11–cv–0980, 2011 WL 5838478, at *2 (E.D.N.Y. Nov. 18, 2011) (finding in a 42 U.S.C. § 1983 case that the deliberative process privilege did not apply to an internal affairs bureau investigative report and a supervisor's case review memo because the documents contained only factual and investigative

8

information and because "the documents were not created to assist a governmental agency in the formulation of a specific decision on policy," but rather for the "routine process to determine whether disciplinary action was warranted against the defendant officers"). Here, the City has maintained that the requested records and documents are subject to this privilege.

We are unable to evaluate the City's privilege claim based on the briefs alone. Therefore, we will direct the City to produce the responsive internal affairs investigations documents and materials to the court for an *in camera* inspection.

An appropriate order follows.

*s/Joseph F. Saporito, Jr.*<br>JOSEPH F. SAPORITO, JR.<br>United States Magistrate Judge

Dated: September 9, 2021